IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH D. BRANDEBURG,            )
          Plaintiff,              )
                                  )
     v.                           )    Civil Action No. 04-1314
                                  )
CORNING INC. PENSION PLAN FOR     )
HOURLY EMPLOYEES and MCMC LLC,    )
          Defendants.             )

ORDER OF COURT

This is an action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiff seeks a judicial review of defendants' decision denying him total and permanent disability benefits. Before the court are the parties' cross-motions for summary judgment. Because we find that the Plan Administrator's decision denying plaintiff the benefits he seeks was neither arbitrary nor capricious, we will grant defendants' motion for summary judgment and deny plaintiff's motion.

The parties are familiar with the background and history of this case and it need not be detailed here. We need only state that plaintiff was employed by defendant Corning Inc. from 1997 to October of 2000 as a finishing operator. In October of 2000 he stopped working due to various medical conditions, principally cardiomyopathy. The parties do not dispute that plaintiff suffers from cardiomyopathy and that as a result of his

condition, he is completely disabled from his position as a finishing operator. What the parties dispute is whether his condition is such that he is totally disabled from any employment, and thus, entitled to long-term disability benefits under the plan. Plaintiff's treating physician, Dr. Long, has given an opinion that plaintiff is, in fact, disabled from any employment. The medical consultants retained by the Plan Administrator, MCMC, agreed with the diagnosis of cardiomyopathy, but contend that plaintiff's level of impairment does not rise to the level of the plan's definition of totally and permanently disabled, and that plaintiff is capable of doing light or sedentary work.

The scope of review of a decision by the administrator of a pension fund is narrow; it "is limited to a determination of whether the [administrator's] actions were arbitrary and capricious." <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 111 (1989). As the reviewing court, unless we find that the challenged decision is not "rational," we must uphold the decision of the pension fund administrator. <u>Federal Communications Commission v. National Citizens Committee for Broadcasting</u>, 436 U.S. 775, 803 (1978); <u>Wolf v. National Shopmen Pension Fund</u>, 728 F.2d 182, 187 (3d Cir. 1984).

Yet, deference is not the equivalent of no review at all. An administrator's decision must be supported by substantial evidence in order to avoid being found "arbitrary and capricious." See <u>Daniels v. Anchor Hocking Corp.</u>, 758 F. Supp. 331 (W.D. Pa. 1991). Further, the decisionmaker "must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" <u>Motor Vehicle Mfgs. Ass'n v. State Farm Mutual Auto. Ins. Co.</u>, 463 U.S. 29, 43 (1983)). Plaintiff has the burden of proof that the Plan Administrator's decision to deny benefits is an arbitrary and capricious decision.[1]

Under the terms of the plan at issue, total and permanent disability is defined as follows:

> based upon medical evidence, the inability to engage in any substantial gainful activity by reason of any medically terminable physical or mental impairment which can be expected to result in death or to be of long, continued and indefinite duration.

---

1. Plaintiff's suggestion that the "heightened and capricious standard of review" is applicable here is incorrect. That standard of review is applicable when an insurance company determines the eligibility for benefits and also pays out of its own funds. <u>Pinto v. Reliant Standard Life Ins. Co.</u>, 214 F.3d 377 (3d Cir. 2000). Those circumstances "presume a conflict of interest"; however, that is not the case here and the relationship between Corning and MCMC does not provide the basis for applying the heightened standard of review. <u>Id</u>.

3

Plaintiff does not contend, and the record would not support an argument, that the Plan Administrator did not have sufficient evidence to find that plaintiff is capable of sedentary or light duty work.  Indeed, its several retained consultants and peer review medical personnel plainly said so. They rendered their opinions after reviewing the medical records, and in some instances consulting with Dr. Long.  Rather, plaintiff bases his claim on the fact that the Plan Administrator credited its own consultant's opinions over plaintiff's treating physician's opinion.

Thus, the outcome of this case is determined by whether the Plan Administrator's reliance on its own retained medical consultant's opinions, as opposed to plaintiff's treating physician's opinion renders the decision arbitrary and capricious.  I hold that, as a matter of law, it does not.

First, the Plan Administrator was not obligated to accept the opinion of plaintiff's treating physician.  Plaintiff is incorrect to the extent he argues that the denial of benefits was arbitrary and capricious because it credited the opinion of its consultants rather than the opinion of his own treating physician.  Defendant was not required to credit the opinion of plaintiff's treating physicians over that its own medical consultant.  See Black & Decker Disability Plan v. Nord, 538 U.S.

822, 825, 123 S.Ct. 1965 (2003) ("plan administrators are not obligated to accord special deference to the opinions of treating physicians"). Nor was the Plan Administrator obligated to have its consultants perform an exam of plaintiff, rather than relying on the written submissions of plaintiff's treating physician. See e.g., Klimas v. Conn. Gen. Life Ins. Co., Civ. No. 04-5408, 2005 U.S. Dist LEXIS 1855 (E.D. Pa. Aug. 17, 2005) (citation omitted). Consequently, although it credited its own medical consultants' conclusions regarding the extent of plaintiff's disability over those of Dr. Long, this decision did not render its denial of plaintiff's claim for disability benefits arbitrary and capricious. See, e.g., Schlegel v. Life Ins. Co. Of North Am., 269 F. Supp. 2d 612, 627-28 (E.D. Pa. 2003) (reliance on conclusions of defendant's non-treating physicians overopinions of plaintiff's treating physicians does not render denial of disability benefits arbitrary and capricious under ERISA).

In this case there is clearly substantial evidence of record by which we could agree that plaintiff is capable of light duty or sedentary work. The decision was neither arbitrary nor capricious and defendants' motion for summary judgment is granted.

The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH D. BRANDEBURG,           )
     Plaintiff,                 )
                                )
    v.                           )   Civil Action No. 04-1314
CORNING INC. PENSION PLAN FOR    )
HOURLY EMPLOYEES and MCMC LLC,   )
     Defendants.                )

### ORDER

AND NOW, this 27th day of July, 2006, defendants' motion for summary judgment [document #15] is GRANTED. Plaintiff's motion [document #13] is denied. The Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

cc:   All Counsel of Record